IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EUGENE R. COX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-349-SLR |
| | ) |
| DELAWARE STATE POLICE, CPL. | ) |
| WILLIAM D. CROTTY, and LESLIE A. | ) |
| GROW, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 19th day of July, 2007, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 and § 1915A and, plaintiff will be given leave to file an amended complaint, for the reasons that follow:

1. **Background.** Plaintiff Eugene R. Cox, an inmate at Sussex Correctional Institute ("SCI"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and has been granted leave to proceed in forma pauperis.

2. **Standard of Review.** When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action

frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3. In performing the court's screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v Colley, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less

2

stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

4. **Discussion**. Plaintiff filed this action against the Delaware State Police ("DSP"), DSP officer William D. Crotty ("Crotty"), and DSP supervisor Leslie A. Grow ("Grow"). Plaintiff was arrested by the DSP on January 12, 2007, during a drug raid.[1] Plaintiff alleges that although he did not resist arrest, after being ordered to the ground, a DSP officer stomped on his spinal cord. Plaintiff alleges he was taken to Troop #4, Georgetown, Delaware, and questioned by a masked officer who asked him two questions. (D.I. 2) He alleges there is an audio and visual recording of the interview. Plaintiff alleges Crotty was the officer in charge. (D.I. 8)

5. Police reports were written up for plaintiff and others arrested at the same time. Plaintiff alleges a DSP officer wrote two or three statements with plaintiff's name in plain view as "Cox stated" or "Cox advised" as if plaintiff actually made the statements. Plaintiff alleges he did not make any of the statements as indicated on the written reports. In a letter to the court, plaintiff alleges Crotty was the reporting officer and Grow approved his report. (D.I. 7, 8) He also refers to the investigating officer, Amber D. Welch ("Welch"), and Alison L. Stevens ("Stevens"), who approved Welch's report. Neither Welch or Stevens are named defendants.

6. Plaintiff alleges his co-defendants in the state criminal proceeding received, from DSP officers, copies of the report with his name in plain view, alongside the false

---

[1] Plaintiff states he is currently serving a twelve year sentence on a charge of delivery of cocaine which took place on December 29, 2006. It does not appear there has been a resolution of the charges resulting from the January 12, 2007 arrest.

3

accusations. Plaintiff alleges DSP officers "verbally" gave his name to his co-defendants as being the "snitch." He alleges that, during his arraignment, his co-defendants called him a "snitch motherf—er" and said, "your name is on my paperwork." Plaintiff alleges the reports were circulated around the prison, he has been labeled a snitch, and his life is endangered because of the statements. Plaintiff alleges he has been threatened, as has his family. Plaintiff alleges the DSP ordered plaintiff and his co-defendants separated and locked on different prison units with orders of "no contact." Plaintiff alleges Crotty and Grow should not have allowed "the above chaos" or the release of his name, either verbally or written.

7. Plaintiff seeks monetary damages and a public apology. He also seeks compensatory damages for the unnecessary use of force, slander, defamation, gross negligence, pain and suffering and emotional distress.

8. **Eleventh Amendment Immunity.** Named as a defendant is the DSP. "Absent a state's consent, the eleventh amendment bars a civil rights suit in federal court that names the state as a defendant." Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981)(citing Alabama v. Pugh, 438 U.S. 781 (1978)(per curiam)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. See Rodriguez v. Stevenson, 243 F. Supp. 2d 58, 63 (D. Del. 2002).

9. Additionally, the Eleventh Amendment limits federal judicial power to entertain lawsuits against a State and, in the absence of congressional abrogation or consent, a suit against a state agency is proscribed. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98-100. Further, a state agency, such as the Delaware State

4

Police, "is not a person" subject to claims under 42 U.S.C. § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). The Delaware State Police is immune from suit. Therefore, the court will dismiss the claims against it pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

10. **Respondeat Superior**. Plaintiff seeks to hold Grow liable on the basis of his supervisory position. Supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. See Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing City of Canton v. Harris, 489 U.S. 378, 389 (1989)).

11. There is nothing in the complaint to indicate that Grow was the "driving force [behind]" plaintiff's alleged constitutional deprivations. More so, the complaint does not indicate that Grow was aware of plaintiff's allegations and remained "deliberately indifferent" to his plight. Sample v. Diecks, 885 F.2d at 1118. The most that can be said is that Grow approved the written report of Crotty, an act that does not rise to the level of a constitutional violation. Accordingly, the court will dismiss without prejudice the claims against Grow for failure to state a claim upon which relief may be granted and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

12. **False Police Reports**. Plaintiff claims he did not make any of the

5

statements attributed to him in the written reports of the DSP officers, alleging police misconduct. It does not appear there has been a resolution of the criminal proceedings resulting from the January 12, 2007 arrest. Plaintiff has no claim for damages at this time unless, and until, the criminal proceedings are resolved in his favor or the conviction against him is invalidated. See Heck v. Humphrey, 512 U.S. 477, 486 (1994). If plaintiff is eventually convicted of the charges in the pending state criminal case, he must first exhaust his state court remedies by direct appeal or other available state court review, and then, if appropriate, file a federal habeas application to assert any violations of federal constitutional or statutory law, namely, his claims of police misconduct. Preiser v. Rodriquez, 411 U.S. 475 (1973). Accordingly, the court will dismiss the false police report/ misconduct claim, without prejudice, for failure to state a claim upon which relief may be granted.

13. **Excessive Force**. Plaintiff alleges that, even though he did not resist arrest, an unnamed DSP officer used excessive force during the arrest when he "stomped" on plaintiff's back. "[C]laims that law enforcement officers have used excessive force . . . in the course of an arrest . . . should be analyzed under the Fourth Amendment and its 'reasonableness' standard . . . ." Graham v. Connor, 490 U.S. 386, 395 (1989). "[T]he 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Id. at 397; Kopec v. Tate, 361 F.3d 772, 777 (3d. Cir. 2004); Mosley v. Wilson, 102 F.3d 85, 95 (3d Cir. 1996).

6

14. Additionally, a civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir. 1978)). When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

15. The complaint does not identify the DSP officer who allegedly used excessive force during plaintiff's January 12, 2007 arrest. The allegations, as they now stand, are insufficient and fail to state a claim upon which relief may be granted. The allegations are serious and, therefore, the excessive force claim is dismissed without prejudice, with leave to amend.

16. **Snitch**. Plaintiff's main complaint is he has been labeled a snitch. He blames this in part on the written police reports, one written by defendant Crotty and given to his co-defendants by unnamed DSP officers and, in part, by unnamed DSP officers who verbally gave his name to his co-defendants as being the snitch.

17. This Court has recognized the serious implications of being labeled a snitch in prison. Blizzard v. Hastings, 886 F. Supp. 405, 410 (D. Del. 1995)(being labeled a snitch "can put a prisoner at risk of being injured"). See also Hendrickson v. Emergency Med. Services, Civ. A. 95-4392, 1996 WL 472418 at *5 (E.D. Pa. Aug. 20, 1996) (denying defendants' motion for summary judgment because of factual issue as to whether a guard call a prisoner a snitch in front of other inmates).

7

18. Crotty's report refers to alleged statements made by plaintiff following his arrest regarding the conduct of his co-defendants. The report does not refer to plaintiff as a snitch, but plaintiff's purported statements implicate his co-defendants. Plaintiff alleges unnamed DSP officers gave the report to his co-defendants and unnamed DSP officers verbally called him a snitch to his co-defendants. There are no allegations that Crotty was the individual who provided the report to plaintiff's co-defendants, only that he authored the report.

19. Plaintiff does not identify the DSP officers who provided the report at issue to plaintiff's co-defendants or who verbally labeled plaintiff as a snitch to his co-defendants. The allegations fail to state a claim upon which relief may be granted. The allegations, however, are serious. Therefore, the snitch claim is dismissed, without prejudice with leave to amend.

20. Plaintiff further alleges unnamed DSP officers exposed him to potential injury by labeling him a snitch, but plaintiff does not allege any actual physical injury. Indeed, he alleges that DSP officers separated him from his co-defendants and they are being housed in different locations. The Third Circuit has held that "[u]nder § 1997e(e) . . . , in order to bring a claim for mental or emotional injury, suffered while in custody, a prisoner must allege physical injury." Allah v. Al-Hafeez, 226 F.3d 247, 250 (3d Cir. 2000). Section 1997e(e) limits recovery of compensatory damages, but does not bar prisoners from seeking nominal damages or punitive damages to vindicate constitutional rights. See id., at 251; Doe v. Delie, 257 F.3d 309, 314 n.3 (3d Cir. 2001). Therefore, to the extent that plaintiff is seeking compensatory damages, his claim is barred by § 1997e(e).

21. **Slander/Defamation**. Plaintiff seeks compensatory damages for slander, defamation of character, negligence, pain and suffering, and emotional distress. Plaintiff's slander and defamation claims are not cognizable under § 1983. Tort claims, such as defamation of character and slander, are not properly included in a civil rights action under 42 U.S.C. § 1983. Daniels v. Williams, 474 U.S. 327, 332 (1986) (quoting Paul v. Davis, 424 U.S. 693, 701 (1976)) ("We have previously rejected reasoning that 'would make of the Fourteenth Amendment a font of tort law to be superimposed upon whatever systems may already be administered by the States.'"). See also Hernandez v. Hunt, Civ.A. No. 89-4448, 1989 WL 66634 (E.D. Pa. June 16, 1989). Plaintiff's claims of slander, defamation, and gross negligence are not cognizable under § 1983. Therefore, they are dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

22. **Conclusion**. Based upon the foregoing analysis, the complaint is dismissed for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff is given leave to file an amended complaint on the excessive force and snitch issues to name the proper defendant(s). The amended complaint shall be filed within thirty (30) days from the date of this order. If an amended complaint is not filed within the time allowed, it will be deemed plaintiff stands on his complaint and an order will be entered closing the case.

_____
UNITED STATES DISTRICT JUDGE